[Cite as *In re L.E. v. State*, 2011-Ohio-578.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| IN THE MATTER OF: L.E. | : | Julie A. Edwards, P.J. |
| | : | Sheila G. Farmer, J. |
| Juvenile Delinquent-Appellant | : | John W. Wise, J. |
| | : | |
| -vs- | : | Case No. 2010CA00083 |
| | : | |
| | : | |
| THE STATE OF OHIO | : | O P I N I O N |
| | | |
| Plaintiff-Appellee | | |


CHARACTER OF PROCEEDING:     Criminal Appeal from Stark County
                             Court of Common, Juvenile Court
                             Division, Pleas Case Nos.
                             2010JCR00010 & 2010JCR00119

JUDGMENT:                    Reversed

DATE OF JUDGMENT ENTRY:      February 7, 2011

APPEARANCES:

For Mother-Appellant                 For Plaintiff-Appellee

CANDACE KIM-KNOX                     JOHN D. FERRERO
137 South Main Street, Ste. #300     Prosecuting Attorney
Akron, Ohio  44308                   Stark County, Ohio

                                     BY: RENEE M. WATSON
                                     Assistant Prosecuting Attorney
                                     Appellate Section
                                     110 Central Plaza, South, Ste. #510
                                     Canton, Ohio  44702-0049

*Edwards, P.J.*

{¶1} Appellant, Lori Eshelman, appeals a judgment of the Stark County Common Pleas Court, Juvenile Division awarding legal custody of her son, L.E., to his paternal grandmother. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} On January 5, 2010, Canton police filed a complaint in the Stark County Juvenile Court alleging that L.E., who was sixteen years old at the time, was a delinquent child by reason of committing domestic violence. Appellant was the victim. Because L.E. had a previous domestic violence adjudication, the crime was a fourth degree felony.

{¶3} L.E. pleaded not true to the complaint at his arraignment and was remanded to the Multi-County Juvenile Attention Center pending pre-trial.

{¶4} Appellant entered a plea of true to domestic violence on January 11, 2010. Appellant was present at the hearing, at which the court ordered L.E. to be released to her custody the following morning. L.E. continued on probation. A psychological evaluation was ordered, and he was ordered to comply with previous orders of good behavior.

{¶5} A new complaint was filed against L.E. on January 21, 2010, alleging violation of a prior court order for failing to follow appellant's direction. L.E. pleaded not true and was again remanded to the Multi-County Juvenile Attention Center because it was determined that continuation in the home was contrary to his welfare.

{¶6} The court held a pre-trial hearing on the violation of a prior court order complaint on January 25. The court did not want L.E. to remain in the attention center

until disposition on February 17, 2010. A worker for Multisystemic Therapy (MST) indicated at the hearing that she had been working with L.E. and appellant for three and a half months. She was willing to continue to work with the family but had difficulty getting appellant to consistently follow through with program directives. She indicated that she was willing to continue to work with the family and would work with the grandparents. L.E.'s paternal grandmother agreed to help, and the court released L.E. to his paternal grandmother pending the February 17th hearing.

{¶7} On February 17, the court had not yet received a completed psychological evaluation, and the hearing was continued to March 11, 2010. The court ordered that L.E. remain placed with his paternal grandmother until probation/MST felt a move was appropriate.

{¶8} On March 11, 2010, L.E. entered a plea of true to violation of a prior court order. Discussion was held on the record concerning the joint efforts of probation and MST to reunite appellant with L.E. At the time of the hearing, L.E. lived with his grandmother during the week and with appellant on weekends. The MST worker indicated to the court that she hoped to "flip" what was happening, and have L.E. with appellant Monday through Friday and with his grandmother on the weekends. L.E. expressed a desire to temporarily remain with his grandmother, and L.E's attorney argued for a gradual reunification between L.E. and appellant. Appellant disagreed and told the court she believed separation should be a worst-case scenario, and she and L.E. should work through their differences as a family rather than be separated. The State expressed a desire to see the family reunited at some point but believed L.E. should remain out of the home for a period of time.

{¶9}  The court issued a judgment granting the paternal grandmother legal custody of L.E.  Appellant assigns two errors on appeal:

{¶10}  "I. THE JUVENILE COURT ERRED AS A MATTER OF LAW BY GRANTING LEGAL CUSTODY OF THE CHILD TO THE PATERNAL GRANDMOTHER WITHOUT COMPLIANCE WITH MANDATORY STATUTORY AND PROCEDURAL REQUIREMENTS.

{¶11}  "II. THE JUVENILE COURT ERRED AS A MATTER OF LAW WHEN IT ALLOWED APPELLANT TO REPRESENT HERSELF WITHOUT MAKING THE APPROPRIATE FINDINGS ON THE RECORD AND/OR HOLDING A HEARING TO DETERMINE WHETHER APPELLANT UNDERSTOOD HER RIGHTS AND INTELLIGENTLY RELINQUISHED THE RIGHT TO REPRESENTATION BY COMPETENT COUNSEL AND/OR BY NOT HAVING THE WAIVER OF COUNSEL IN WRITING."

I

{¶12}  The state argues that this is not a final, appealable order because it is a grant of legal custody not permanent custody.  The state cites this court's opinion in *In the matter of A.K. and J.D.*, Tuscarawas App. No. 2009AP050025, 2009-Ohio-5342, in which this Court recognized that legal custody does not divest parents of residual parental rights, privileges and responsibilities and a parent may petition the court for a modification of custody.  However, in that case we did not dismiss the appeal for want of a final, appealable order, but instead addressed the assignments of error on the merits. We find the order appealed from in this case is a final, appealable order as it vests legal custody of L.E. in the paternal grandmother, and appellant would be required to file a

motion for modification of custody in order to change the order.  While the parties may all have contemplated a future reunification between appellant and L.E., the court's judgment does divest appellant of custody of the child.

{¶13} R.C. 2152.19(A)(1) sets forth the dispositional alternatives available to a juvenile court upon a finding of delinquency:

{¶14} "(A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition, in addition to any other disposition authorized or required by this chapter:

{¶15} "(1) Any order that is authorized by section 2151.353 of the Revised Code for the care and protection of an abused, neglected, or dependent child;"

{¶16} R.C. 2151.353(A)(3) provides for an award of custody to a non-parent:

{¶17} "(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

{¶18} "(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. A person identified in a complaint or motion filed by a party to the proceedings as a proposed legal custodian shall be awarded legal custody of the child only if the person identified signs a statement of understanding for legal custody that contains at least the following provisions:

{¶19} "(a) That it is the intent of the person to become the legal custodian of the child and the person is able to assume legal responsibility for the care and supervision of the child;

{¶20} "(b) That the person understands that legal custody of the child in question is intended to be permanent in nature and that the person will be responsible as the custodian for the child until the child reaches the age of majority. Responsibility as custodian for the child shall continue beyond the age of majority if, at the time the child reaches the age of majority, the child is pursuing a diploma granted by the board of education or other governing authority, successful completion of the curriculum of any high school, successful completion of an individualized education program developed for the student by any high school, or an age and schooling certificate. Responsibility beyond the age of majority shall terminate when the child ceases to continuously pursue such an education, completes such an education, or is excused from such an education under standards adopted by the state board of education, whichever occurs first.

{¶21} "(c) That the parents of the child have residual parental rights, privileges, and responsibilities, including, but not limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support;

{¶22} "(d) That the person understands that the person must be present in court for the dispositional hearing in order to affirm the person's intention to become legal custodian, to affirm that the person understands the effect of the custodianship before the court, and to answer any questions that the court or any parties to the case may have."

{¶23} In the instant case, the court did not comply with R.C. 2151.353(A)(3) in awarding custody to the paternal grandmother. There was no motion, written or oral, before the court to grant custody to the grandmother. To this point, all parties involved appeared to contemplate a continuing arrangement with placement with grandmother while appellant and L.E. worked toward reunification. Because a change of custody was not placed squarely before the court by way of a motion or request, appellant had no notice that she could lose custody of L.E. at the March 11, 2010, hearing, nor did she have an opportunity to be heard on the custody issue.

{¶24} Appellee argues any error in noncompliance with R.C. 2151.353 was cured. Appellee cites to this court's opinion in *Allen v. Pingue*, Delaware App. No. 02CAF06028, 2002-Ohio-5555, in which this Court found that while R.C. 2151.353 was not followed in awarding custody to a grandmother, such error was not fatal where the appellant was aware of all potential custodians and had received adequate notice of the trial court's intention to review the custody issue. However, in the instant case, appellant did not receive adequate notice that custody was at issue. All parties who addressed the issue at the hearing, including the State, addressed placement as opposed to custody, with everyone contemplating a return of L.E. to his home with appellant at some point. Unlike *Allen*, supra, this is not a case where custody was squarely at issue and the only question on appeal was the selection of the particular custodian.

{¶25} The first assignment of error is sustained.

II

{¶26} In her second assignment of error, appellant argues that she was entitled to be represented by counsel at the custody hearing. The State argues that her right to counsel is not absolute, and it is not clear that she was entitled to appointed counsel.

{¶27} R. C. 2151.352 provides:

{¶28} "A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code except in civil matters in which the juvenile court is exercising jurisdiction pursuant to division (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of section 2151.23 of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel, to be represented by the county public defender or the joint county public defender, or to be appointed counsel upon request pursuant to Chapter 120. of the Revised Code. Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them."

{¶29} Similarly, Juv. R. 4 provides:

{¶30} "(A) Assistance of counsel. Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco

parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute."

**{¶31}** While appellant may or may not have been entitled to *appointed* counsel, she was entitled to be represented by counsel at a proceeding in which custody of her child was at issue. As noted in assignment of error one above, appellant did not have adequate notice that custody of the child was at issue at the dispositional hearing. The court did not advise her that she was entitled to representation at the hearing.

**{¶32}** The second assignment of error is sustained.

{¶33} The judgment of the Stark County Juvenile Court awarding legal custody of L.E. to Monica Eshelman is reversed.  This cause is remanded to that court for a new dispositional hearing.


By: Edwards, P.J.

Farmer, J. and

Wise, J. concur


_____


_____


_____

JUDGES

JAE/r1203

[Cite as *In re L.E. v. State*, 2011-Ohio-578.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: L.E. | : | |
| | : | |
| Juvenile Delinquent-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THE STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | CASE NO. 2010CA00083 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed. Costs assessed to appellee.

_____

_____

_____

JUDGES